UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER BOFFOLI, an individual, <br><br> Plaintiff, <br><br> v. <br><br> PINTEREST, INC., a Delaware corporation, and DOES 1-5, <br><br> Defendants | Case No. <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

CHRISTOPHER BOFFOLI, ("Boffoli" or "Plaintiff") hereby alleges for his complaint against PINTEREST, INC. ("Pinterest") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

### I.   NATURE OF THE CASE

1.   This is a claim for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code.

### II.   JURISDICTION AND VENUE

2.   This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Pinterest because it conducts substantial business in the State of Washington.

4. Venue is appropriate under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### III. PARTIES

5. Plaintiff is an individual and resident of the Western District of Washington.

6. Pinterest is a Delaware corporation with its principal place of business in San Francisco, California.

7. Plaintiff does not know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

### IV. FACTS

**A. Boffoli created copyrightable photographs and registered them with the U.S. Copyright Office.**

8. Boffoli is a fine art, editorial and commercial photographer who created "Big Appetites", a series of photographs featuring tiny figures photographed against real food backdrops. Big Appetites has been published in more than 100 countries around the world, with coverage in publications such as the New York Times, Washington Post, NPR, and CBS This Morning, among many others. Fine art photographs from the collection can be found in galleries and private collections in the US, Canada, Europe and Asia. Boffoli is frequently hired by magazines for editorial commissions and by large brands for commercial work based on the Big Appetites series. Boffoli's images are also

licensed for publication for books, magazines, websites and greeting cards.

9. Boffoli's business is based on licensing and selling photographs he creates. Big Appetites photographs are currently available for purchase at fine art galleries, and can also be purchased over the Internet, including through Boffoli's website. Boffoli has licensed use of Big Appetites photographs to greeting card companies, calendars, and others.

10. Boffoli registered each photograph in the Big Appetites series with the U.S. Copyright Office and has Copyright Registration Nos. VAu001106484 (June 13, 2011) and VAu001148370 (August 3, 2013).

**B.  Pinterest's customers posted photographs from Big Appetites without license or permission from Boffoli on webpages housed on Pinterest's servers.**

11. Pinterest provides services to at least several Doe Defendants and allows the Doe Defendants to upload website content on Pinterest's server, including content that infringes on Boffoli's copyright (the "Infringing Content"). The Infringing Content is hosted on Pinterest's server at <www.pinterest.com> (the "Infringing Website").

12. The Infringing Content hosted by Pinterest contains at least 56 photographs from Big Appetites without license or permission from Boffoli. A copy of the infringing content is provided as Exhibit A-1 through A-12.

**C.  Pinterest failed to prevent the Infringing Content from being accessible over the Internet despite notice from Boffoli.**

13. On its website, Pinterest represents that it can remove any infringing content hosted on its server. On information and belief, Pinterest can also disable the Doe Defendants' ability to post content to its server.

14. Upon discovering the Infringing Content, on August 19, 2014 Boffoli sent Pinterest's designated agent an email notifying Pinterest of the Infringing Content. The August 19, 2014 email complied with all of the Digital Millenium Copyright Act's notice requirements. The notice Boffoli sent Pinterest is attached as Exhibit B.

15. About a week later, Boffoli received an automated response from Pinterest

asking him to rate Pinterest's customer support. This response demonstrates that Pinterest received the email notification. The email did not mention the Infringing Content. Pinterest's response is attached as Exhibit C.

16. To date, Pinterest has not removed or disabled access to the Infringing Content. In other words, the Infringing Content is still accessible to the public on Pinterest's server.

17. Boffoli never authorized his work to be posted on the Infringing Website.

## V.   CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

18. Boffoli hereby incorporates Paragraphs 1-17 by reference.

19. Boffoli is, and at all relevant times has been, the owner of the copyright in the photographs in the Big Appetites series.

20. Each photograph in Big Appetites is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

21. Boffoli has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

22. Boffoli registered the copyright in each photograph in Big Appetites with the United States Copyright Office.

23. Boffoli has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the photographs in Big Appetites, (2) prepare derivative works based on Big Appetites, (3) distribute copies of Big Appetites, and (4) display Big Appetites publicly.

24. Without the permission or consent of Boffoli, photographs from Big Appetites were reproduced, derivative works were made from, copies were distributed of, and the photographs were displayed on the Infringing Website, which is hosted on Pinterest's server.

25. Boffoli's exclusive rights in the photographs in Big Appetites were violated.

26. Pinterest induced, caused, or materially contributed to publication of the Infringing Content.

27. Pinterest had actual knowledge of the Infringing Content. Boffoli provided notice to Pinterest in compliance with the DMCA, and Pinterest failed to disable access to or remove the Infringing Website.

28. Pinterest acted willfully.

29. Alternatively, Pinterest directly infringed Boffoli's copyrights by continuing to allow public access to the Infringing Content on Pinterest's server.

## VI.   RELIEF REQUESTED

WHEREFORE, Boffoli asks this Court to enter judgment against Pinterest and Pinterest's subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of Big Appetites by Pinterest under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Pinterest of the photographs in Big Appetites and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Boffoli as the result of Pinterest's infringement plus the profits of Pinterest attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Boffoli so elects, an award of statutory damages for each infringement of Big Appetites under 17 U.S.C. § 504;

5. A judgment that Pinterest's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7. For such other and further relief as may be just and proper under the circumstances.

Dated November 25, 2014.

          Respectfully Submitted,

          **NEWMAN DU WORS LLP**

By: *[signature]*
          Keith Scully, WSBA No. 28677

          Attorneys for Plaintiff
          CHRISTOPHER BOFFOLI

COMPLAINT FOR COPYRIGHT INFRINGEMENT- 6

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Christopher Boffoli demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated November 25, 2014

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: _____
Keith Scully, WSBA No. 28677

Attorneys for Plaintiff

CHRISTOPHER BOFFOLI